XAVIER BECERRA
Attorney General of California
JENNIFER M. KIM
Supervising Deputy Attorney General
MARY R. CONKLIN
Deputy Attorney General
State Bar No. 266173
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 269-6437
  Fax:  (213) 897-2805
  E-mail:  Mary.Conklin@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EMPLOYEE HEALTH SYSTEMS MEDICAL GROUP, Inc.**, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>**DEPARTMENT OF MANAGED HEALTH CARE; SHELLEY ROUILLARD**, an individual; and **DOES I THROUGH 50**, inclusive,<br><br>Defendants. | 2:18-cv-10587 GW(JPRx)<br><br>**DEFENDANTS' EX PARTE APPLICATION #1 FOR LEAVE TO CONDITIONALLY FILE MOTION UNDER SEAL**<br><br>[Filed concurrently herewith:<br>(1) Declaration of Mary R. Conklin in Support of Ex Parte Application #1 to Conditionally File Motion Under Seal attaching unredacted filings;<br><br>(2) [Proposed] Order Granting Conditional Filing Under Seal;<br><br>(3) Defendants' Redacted Ex Parte Application #2 to Stay Case Pending Resolution of Defendants' Motion to Dismiss;<br><br>(4) Redacted Declaration of Mary R. Conklin in Support of Ex Parte Application #2 to Stay Case Pending Resolution of Defendants' Motion to Dismiss; and<br><br>(5) [Proposed] Order Staying Case Pending Resolution of Defendants' Motion to Dismiss]<br><br>Courtroom:  9D<br>Judge:        Hon. George H. Wu<br>Action Filed: 12/21/2018 |

## INTRODUCTION

Pursuant to Central District Local Rule 79-5, Defendants respectfully request leave to conditionally file under seal an ex parte application to stay all aspects of this case except Defendants' Motion to Dismiss. This unusual step is the only way to ensure a ruling on the merits and prevent Plaintiff from voluntarily dismissing the action for the second time in this Court. This application is solely to enable this Court to issue a ruling on the merits of Plaintiff's claim without further delay.

Plaintiff filed the original complaint in federal court on February 12, 2018. Case No. 2:18-cv-01166-GW(JPRx), ECF No. 1. Approximately four weeks later, Plaintiff filed a redundant lawsuit in state court. Three days before the hearing on Defendants' Rule 12(b) Motion, Plaintiff voluntarily dismissed the federal action without prejudice. Case No. 2:18-cv-01166-GW(JPRx), ECF No. 25. Similarly, Plaintiff re-filed this federal action one week after receiving notice from the state court that the next demurrer hearing may dispose of the case. Plaintiff subsequently voluntarily dismissed the majority of the state action without prejudice before the next demurrer hearing could take place. After more than a year of heavy litigation, Defendants have been unable to obtain a ruling on the merits due to Plaintiff's procedural stratagems that deprive the Court of jurisdiction to rule on the merits.[1] Thus, the Court should grant this ex parte application.

## DOCUMENTS TO BE CONDITIONALLY FILED UNDER SEAL

Defendants' seek to file an ex parte application and supporting declaration conditionally under seal to set forth the procedural history of the case and the grounds to stay all aspects of the case apart from Defendants' motion to dismiss. Plaintiff was personally served with the following on February 22, 2019:

(1) Ex Parte Application to Conditionally File Motion Under Seal;

---

[1] Both matters have been heavily litigated. The state court matter even reached the appellate court, which issued a conditional writ that later became moot. Defendants have engaged over 1,300 attorney hours defending Plaintiff's lawsuits.

2

(2) Declaration of Mary R. Conklin in Support of Ex Parte Application to Conditionally File Motion Under Seal [excluding the unredacted filings];

(3) [Proposed] Order Granting Conditional Filing Under Seal;

(4) Redacted Ex Parte Application to Stay Case Pending Resolution of Defendants' Motion to Dismiss;

(5) Redacted Declaration of Mary R. Conklin in Support of Ex Parte Application to Stay Case Pending Resolution of Defendants' Motion to Dismiss; and

(6) [Proposed] Order Staying Case Pending Resolution of Defendants' Motion to Dismiss.

Plaintiff was not served with the unredacted versions for the reasons set forth in Defendants' papers due to concerns that Plaintiff will again voluntarily dismiss the matter without prejudice, thereby depriving Defendants of a ruling on the merits. Decl. of Mary R. Conklin in Support of Ex Parte Appl. to File Mtn. Cond. Under Seal (Conklin Decl.), ¶ 20.

## LEGAL STANDARD

There is a strong presumption in favor of access to court records. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). To overcome this presumption, the moving party must demonstrate "compelling reasons supported by specific factual findings." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.,* 187 F.3d 1096, 1102-03 (9th Cir. 1999). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "What constitutes a 'compelling reason' is 'best left to the

sound discretion of the trial court.'" *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon,* 435 U.S. at 599).

**ARGUMENT**

Although not explicitly stated in the foregoing list of compelling reasons, preventing further abuse of the judicial process is surely a compelling reason to permit a conditional filing under seal and squarely falls under the category of instances where court files have become a vehicle for improper purposes.

Defendants are seeking only a limited conditional sealing that will allow them to present to the Court compelling reasons to dismiss this action with prejudice. Conklin Decl., ¶¶ 3-19, Exs. A and B [only exhibits A and B are requested to be conditionally filed under seal]. Defendants have no objection to the records being publicly filed after the Court has had the opportunity to review them and issue an order on the Ex Parte Application to Stay Case Pending Resolution of Defendants' Motion to Dismiss. *Id.*, ¶ 21.

As set forth in detail in the documents conditionally filed under seal, Defendants' primary concern is that Plaintiff will again voluntarily dismiss the action without prejudice. Thus, Defendants seek judicial intervention to prevent Plaintiff from unilaterally depriving Defendants of a ruling on the merits for a third time. Defendants have a legitimate interest in resolving this litigation on the merits. Defendants will suffer injury if Plaintiff is permitted to continue its practice of voluntarily dismissing the action without prejudice when it sees an adverse ruling is imminent. Plaintiff's continued tactics also create injury to the courts in wasted judicial resources, which are especially valuable in Los Angeles where the volume of cases in both federal and state courts are especially high.

The vast majority of Defendants' ex parte application to stay all aspects of the case pending the resolution of Defendants' motion to dismiss and supporting declaration can be (and are) publically filed. The redacted portions make up only a

few lines of the documents submitted to the Court.  Defendants have narrowly tailored the portions to be sealed only to what is necessary.

## CONCLUSION

For the foregoing reasons, Defendants' respectfully request the Court permit a conditional filing under seal of Defendants' ex parte application to stay all aspects of the case pending the resolution of Defendants' motion to dismiss and supporting declaration.

Dated: February 22, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
JENNIFER M. KIM
Supervising Deputy Attorney General


*/s/ Mary R. Conklin*
MARY R. CONKLIN
Deputy Attorney General
*Attorneys for Defendants*

LA2018500516
63140882.docx

5

## DECLARATION OF SERVICE BY MESSENGER & OVERNIGHT COURIER

Case Name: **Employee Health Systems Medical Group v. Department of Managed Health Care, et al.**
Case No.: **2:18-cv-10587 GW(JPRx)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 300 South Spring Street, Suite 1702, Los Angeles, CA 90013. On February 22, 2019, I served the following document(s):

**EX PARTE APPLICATION TO CONDITIONALLY FILE MOTION UNDER SEAL**

☒ on the parties through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below for service as designated below:

**(A)** **By Messenger Service:** I caused each such envelope to be delivered to a courier employed by a professional messenger service, with whom we have a direct billing account, who personally delivered each such envelope to the office of the addresses listed below. Name of messenger service: **ACE MESSENGER**

Curtis Jung, Esq.
**Jung & Yuen, LLP**
888 S. Figueroa St., Suite 720
Los Angeles, CA 90017

**(B)** **By Overnight Mail:** I caused each such envelope to be placed in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided. Name of overnight service: **FEDEX**

Michael McClelland, Esq.
**McClelland Advocacy, LTD**
6520 Lonetree Blvd., Suite 134
Rocklin, CA 95765

*Tracking No. 8136 7666 2431*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on February 22, 2019 at Los Angeles, California.

Stacy McKellar                                          *[signature]*
Declarant                                                    Signature

LA2018500516