1  XAVIER BECERRA
   Attorney General of California
2  JENNIFER M. KIM
   Supervising Deputy Attorney General
3  MARY R. CONKLIN
   Deputy Attorney General
4  State Bar No. 266173
     300 South Spring Street, Suite 1702
5    Los Angeles, CA  90013
     Telephone:  (213) 269-6437
6    Fax:  (213) 897-2805
     E-mail:  Mary.Conklin@doj.ca.gov
7  *Attorneys for Defendants*

8                IN THE UNITED STATES DISTRICT COURT

9                FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11

12  **EMPLOYEE HEALTH SYSTEMS MEDICAL GROUP, Inc.**, a California Corporation,

13

14                              Plaintiff,

15      v.

16  **DEPARTMENT OF MANAGED HEALTH CARE; SHELLEY ROUILLARD**, an individual; and **DOES 1 THROUGH 50**, inclusive,

17

18

19                              Defendants.

20

21

22

23

24

25

26

27

28

2:18-cv-10587 GW(JPRx)

**REDACTED DEFENDANTS' EX PARTE APPLICATION #2 TO STAY CASE PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS**

[Filed concurrently herewith:
(1) Defendants' Ex Parte Application #1 for Leave to Conditionally File Motion Under Seal;

(2) Declaration of Mary R. Conklin in Support of Ex Parte Application #1 to Conditionally File Motion Under Seal attaching unredacted filings;

(3) [Proposed] Order Granting Conditional Filing Under Seal;

(4) Redacted Declaration of Mary R. Conklin in Support of Ex Parte Application #2 to Stay Case Pending Resolution of Defendants' Motion to Dismiss; and

(5) [Proposed] Order Staying Case Pending Resolution of Defendants' Motion to Dismiss]

Courtroom:  9D
Judge:        Hon. George H. Wu
Action Filed: 2/12/2018

**INTRODUCTION**

Defendants bring to the Court two ex parte applications to (1) permit a conditional filing under seal; and (2) stay all aspects of the case apart from Defendants' soon to be filed motion to dismiss. Defendants recognize this is an extraordinary step, but Defendants are confident that the Court will recognize why this was necessary after reviewing the procedural history of the litigation between the named parties. This case does not come to the Court with a clean slate. It has been heavily litigated in state court for the better part of a year and the state court litigation was voluntarily dismissed by Plaintiff without prejudice when a final adverse ruling was plainly imminent.

Due to the extensive litigation undertaken in state court and Plaintiff's voluntary dismissal without prejudice, Defendants seek judicial intervention in advance of meeting and conferring and filing Defendants' Motion to Dismiss to preclude Plaintiff from again voluntarily dismissing this action without prejudice before Defendants can receive a final ruling on the merits. ████████ ████████████████████████████████████████████████████ ████████████████████████████████████████ Defendants intend to fully brief this to the Court via a regularly noticed motion; however, Defendants are concerned that upon the meet and confer seven days prior to filing the Motion to Dismiss, Plaintiff will voluntarily dismiss the case without prejudice and again evade a final ruling on the merits. By staying the case apart from briefing related to Defendants' Motion to Dismiss, Defendants can finally be afforded a final ruling on the merits of the case.

**LEGAL STANDARD FOR *EX PARTE* APPLICATIONS**

The "opportunities for legitimate ex parte applications are extremely limited." *In re Intermagnetics America, Inc.* 101 B.R. 191, 193 (C.D. Cal. 1989). The use of such procedures should be limited to instances in which (1) there is the threat of immediate or irreparable injury; (2) there is danger that notice to the other party

2

may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e. to file an overlong brief or to shorten the time within which a motion may be brought). *Id.; accord Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 489 (C.D. Cal. 1995). It is the burden of the party moving ex parte to demonstrate good cause for the need to circumvent normal motion practice. *Mission Power,* 883 F. Supp. at 489 (an ex parte application must demonstrate there is good cause to allow the moving party to "go to the head of the line in front of all other litigants and receive special treatment.").

## LEGAL STANDARD GOVERNING ENTRY OF A STAY

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.,* 299 U.S. 248, 254-55 (1936). For this reason, a district court has discretion to stay proceedings pending before it. *Mediterranean Enterprises v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). Courts consider a variety of factors in assessing whether a stay is appropriate including (1) the benefits to the court of a stay; (2) the prejudice to plaintiff if a stay is granted; and (3) the prejudice to defendant if a stay is not granted. *Schwartz v. Upper Deck Co.*, 967 F. Supp. 405, 415 (S.D. Cal. 1997); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) ("Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.").

# ARGUMENT

## I.  EX PARTE RELIEF IS WARRANTED

Defendants have been defending against various lawsuits brought by Plaintiff on the same subject matter since approximately February 2018.  Decl. of Mary R. Conklin in Support of Ex Parte Appl. to Stay Case Pending Resolution of Defs' Mtn. to Dismiss (Conklin Decl.), ¶¶ 3-14, Exs. 1-10.  Despite prevailing on multiple demurrers in state court, Defendants have been deprived of a final ruling on the merits due to Plaintiff's actions in repeatedly voluntarily dismissing the action without prejudice.  Conklin Decl., ¶ 4, Ex. 2 (voluntary dismissal of federal action without prejudice), ¶ 6, Ex. 3 (sustaining demurrer with leave to amend), ¶ 8, Ex. 5 (sustaining second demurrer with leave to amend), ¶ 11, Ex. 8 (state court order indicating next demurrer hearing may dispose of entire case), and ¶ 13, Ex. 9 (voluntary dismissal of state court action without prejudice).

This repeat conduct by Plaintiff warrants ex parte relief because Defendants have a legitimate concern that once Plaintiff is privy to the grounds for Defendants' motion to dismiss, Plaintiff will again voluntarily dismiss the case without prejudice thereby depriving Defendants of a ruling on the merits once more.  This concern is substantially similar to the grounds for ex parte relief of irreparable injury to Defendants and risk of flight upon notice to Plaintiff.  *In re Intermagnetics America, Inc.* 101 B.R. at 193.  Plaintiff's actions constitute an abuse of process that wastes both attorney time and judicial resources and warrants the exceptional relief provided through an ex parte application to the Court.

## II.  A STAY ON ALL ASPECTS OF THE CASE EXCEPT DEFENDANTS' MOTION TO DISMISS IS WARRANTED

Plaintiff's actions have made this request necessary in order to afford Defendants a final ruling on the merits of the three separate complaints brought by Plaintiff over the last year.  Conklin Decl., ¶¶ 3-14, Exs. 1-10.  Because the Court

has discretion over how to manage its docket and the cases before it, it is appropriate to issue a stay in this case.

There is no prejudice, inequity or hardship to Plaintiff by granting this application. Plaintiff will have the ability to oppose Defendants' Motion to Dismiss through a regularly noticed motion. All this request does is prevent Plaintiff from depriving Defendants of a ruling on the merits of the case.

In contrast, Defendants will be prejudiced and face both inequity and hardship if the relief is denied and Plaintiff again voluntarily dismisses the case without prejudice only to then subsequently re-file in state court. This will be Defendants' fifth motion to dismiss or demurrer filed to the same set of claims. This Court is vested with the power to prevent and discourage forum shopping and vexatious litigation. *U.S. v. Munoz*, 746 F.2d 1389, 1390 (refusing to grant another remand where it would result in the unjustified waste of judicial resources); *N. Cheyenne Tribe of N. Cheyenne Indian Reservation v. Adsit*, 721 F.2d 1187, 1188 (9th Cir. 1983) (finding that a remand and stay would be preferable to dismissal without prejudice where federal cases were well enough along that dismissal would constitute a waste of judicial resources); *Advocates for Individuals With Disabilities LLC v. MidFirst Bank*, 279 F. Supp. 3d 891, 895 (D. Ariz. 2017), *motion for relief from judgment denied*, No. CV-16-01969-PHX-NVW, 2018 WL 3545291 (D. Ariz. July 24, 2018) ("The federal court's decision to dismiss the case rather than remand it for the inevitable dismissal in state court 'prevent[ed] any further waste of valuable judicial time and resources,' not to mention waste of the parties' legal fees.").

While the factual and procedural scenarios in the foregoing cases are different, they accurately reflect exemplars of the various situations where the waste of judicial resources and attorney time are considered by the courts in reaching a final decision. In line with these decisions, it is appropriate here to prevent Plaintiff

1  from voluntarily dismissing this action without prejudice and allowing Defendants
2  to obtain a final ruling on the merits of the case.
3      Defendants' motion to dismiss will be brought by a properly noticed motion
4  pursuant to Rules 12(b)(1), 12(b)(6), ▮
5  ▮ will dispose of this case on the merits
6  and have narrowly tailored this request to provide the necessary relief to
7  Defendants, while attempting to minimize the potential inconvenience to the Court
8  or to Plaintiff. ▮
9  ▮
10 ▮
11 ▮
12 ▮
13 ▮
14 ▮
15 ▮
16 ▮
17 ▮
18 ▮
19 ▮ Based on the record now before the Court, it is plain that Plaintiff has
20 repeatedly resorted to filing voluntary dismissals without prejudice ▮
21 ▮.
22                     **CONCLUSION**
23     For the foregoing reasons, Defendants have demonstrated exceptional
24 circumstances that provide good cause for granting ex parte relief and the interests
25
26 [1] ▮
27 ▮
28 ▮

1 | of justice support staying all aspects of the case apart from filings related to
2 | Defendants' Motion to Dismiss.

4 | Dated: February 22, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
JENNIFER M. KIM
Supervising Deputy Attorney General


*/s/ Mary R. Conklin*
MARY R. CONKLIN
Deputy Attorney General
*Attorneys for Defendants*

LA2018500516
63141279.docx

## DECLARATION OF SERVICE BY MESSENGER & OVERNIGHT COURIER

Case Name:   **Employee Health Systems Medical Group v. Department of Managed Health Care, et al.**
Case No.:    **2:18-cv-10587 GW(JPRx)**

I declare:
I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 300 South Spring Street, Suite 1702, Los Angeles, CA 90013. On February 22, 2019, I served the following document(s):

**REDACTED EX PARTE APPLICATION TO STAY CASE PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS**

☒ on the parties through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below for service as designated below:

**(A)** **By Messenger Service:** I caused each such envelope to be delivered to a courier employed by a professional messenger service, with whom we have a direct billing account, who personally delivered each such envelope to the office of the addresses listed below. Name of messenger service: **ACE MESSENGER**

Curtis Jung, Esq.
**Jung & Yuen, LLP**
888 S. Figueroa St., Suite 720
Los Angeles, CA 90017

**(B)** **By Overnight Mail:** I caused each such envelope to be placed in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided. Name of overnight service: **FEDEX**

Michael McClelland, Esq.
**McClelland Advocacy, LTD**
6520 Lonetree Blvd., Suite 134
Rocklin, CA 95765

*Tracking No. 8136 7666 2431*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on February 22, 2019 at Los Angeles, California.

| Stacy McKellar | *[signature]* |
|---|---|
| Declarant | Signature |

LA2018500516