KENNADAY LEAVITT OWENSBY PC
MICHAEL D. MCCLELLAND (SBN 204233)
mmcclelland@kennadayleavitt.com
621 Capitol Mall, Suite 2500
Sacramento, California 95814
Telephone: (916) 732-3060

Curtis C. Jung, Esq. (State Bar No. 130657)
Clifford P. Jung, Esq. (State Bar No. 181117)
JUNG & YUEN, LLP
888 South Figueroa Street, Suite 720
Los Angeles, California 90017
(213) 689-8880 - Tel
(213) 689-8887 - Fax
Curtis@jyllp.com

Attorneys for Plaintiff
EMPLOYEE HEALTH SYSTEMS
MEDICAL GROUP, INC., a California
Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMPLOYEE HEALTH SYSTEMS MEDICAL GROUP, INC., a California Corporation<br><br>Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF MANAGED HEALTH CARE, SHELLY ROUILLRD, AND DOES 1-50<br><br>Defendants. | Case No. 2:18-cv-10587 GW(JPRx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR STAY FILED ON FEBRUARY 22, 2019** |

Plaintiff Employee Health Systems Medical Group, Inc. ("Plaintiff" or "EHS"), hereby opposes the ex parte application for and motion for stay filed by Defendants on February 22, 2019, on the following grounds.

## INTRODUCTION

Defendants' ex parte application for stay should be denied for several procedural and substantive reasons. One, Defendants failed to meet and confer before filing their

application. Two, no basis for ex parte relief exists. Three, there is no substantive basis for the motion, only Defendants' own lack of diligence in filing a responsive pleading. Four, the Motion is incoherent invoking the Court's own power to bootstrap a purported and ad hominem contention that Plaintiff might somehow evade the Court's very authority. Five, the application, filed on a Friday afternoon, without substantive meet and confer and partially under seal, is an attempt to annoy, DELAY and harass Plaintiff, warranting the imposition of sanctions.

## ARGUMENT

**A. Defendants' Application is procedurally defective**

Defendants' ex parte application is procedurally deficient and should be dismissed outright.

    i.    <u>Defendants failed to substantively meet and confer re the substance of their application.</u>

Local Rule 7-19.1 requires an attorney to orally advise opposing counsel of the date, if known, and the substance of the ex parte application. Here, Plaintiff failed to meet the good faith requirements of Local Rule 7-19.1. Here, Defendants' counsel on a Friday afternoon, sent a vague email purporting to notify Plaintiff's counsel of the application, concurrent with the ECF filing of the Application. See, Michael MClelland Declaration in Opposition. ¶2. The email provides no substantive description of the Application or its basis, nor any opportunity to meet and confer re same. No oral communications were had, nor even attempted. See, Local Rule 7-19.1. Further, merely sending an opaque email concurrent with the filing of the application is certainly not a "good-faith" meet and confer as required by Local Rule 7-19.1.

    ii.    <u>Ex parte relief is unwarranted.</u>

Defendants' basis for their motion for stay is apparently their conjecture based on ad hominem and straw man arguments, that Plaintiff might do something before Defendants file a purported motion to dismiss. This is legally incorrect and insufficient

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL | SUITE 2500
SACRAMENTO, CA 95814

for many reasons. First, to obtain ex parte relief, Defendants must be "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." E.g., *Mission Power Eng'g Co. v. Cont'l Cas. Co.,* 883 F. Supp. 488, 492 (C.D. Cal. 1995). Importantly, no stay is necessary as Defendants could have filed any responsive pleading at any time since they waived service of process on January 7, 2019. Dckt #11. Thus, other than Defendants' own lack of diligence, there exists no basis for ex pt relief. Accordingly, Defendants' role in creating the situation requiring relief precludes their application. *Mission Power Eng'g Co.,* supra. Finally, the Application asks this Court to presuppose the merits of a purported motion to dismiss, one which Plaintiff would certainly oppose. This is inappropriate and unsupported. The Federal Rules of Civil Procedure clearly provide the procedures by which a party may answer or challenge the pleadings and these Defendants are not entitled to special dispensation from the well-established Rules.

**B. No Basis Exists for Stay**

Not only are Defendants' arguments procedurally unsupported and unpersuasive, they are simply untrue, an amalgam of bad-faith ad hominem and strawman fallacies. Defendants' again are asking this Court to presuppose the merits of their purported motion to dismiss, but their contentions are false.

Plaintiff has no intent to dismiss its claims in this tribunal; Plaintiff has pled cognizable claims and sees a trial on each claim stated. It is correct that Plaintiff initially pled its claims challenging the constitutionality and lawfulness of the Defendants' actions in this Court. However, Plaintiff also had various state law claims for damages it wished to assert; claims which the federal courts are barred from hearing under the 11th Amendment. See, McClelland Decl. ¶3. Those state law claims were thus alleged in a separate Superior Court proceeding. Id. Defendants' raised immunity arguments in that proceeding as a defense to the claims alleged. Id. Thus, Defendant Rouillard conceded the "acting under color of authority" element of Plaintiff's Section 1983 claim. For this and other reasons, Plaintiff dismissed its state law claims and

filed the instant action which concerns predominantly federal issues, e.g., Section 1983 and the constitutionality of Defendants' actions. Id. Plaintiff has no reason to evade any rulings and in fact seeks adjudication f all of its claims filed in its Complaint as expeditiously as possible.

Finally, Defendants' argument is internally contradictory. Defendants' argue that because Plaintiff might take some action to evade the Court's ruling, the Court should rule on its Application. This turns the law on its head. The Court clearly has jurisdiction over Plaintiff's claims and can adjudicate all issues through the normal procedures. Indeed, the best remedy for Defendants' purported interest in finality, is for Defendants to answer the Complaint, and to try this matter on the merits.

Wherefore Defendants' Application, both procedurally deficient and without substantive basis, should be denied.

### SANCTIONS

Defendant's Application should be denied and sanctions imposed. Defendants failed to meet the good-faith meet and confer requirement in Local Rule 7-19.1 in the context of filing its application on a Friday afternoon knowing that Defendants would only have the weekend to prepare opposition. Further, Defendats in no way make the showing required under *Mission Power Eng'g Co*, supra, and the Application was therefore nakedly baseless. This is a bad faith abuse of the ex parte application process for which the Court should award sanctions to Plaintiff. Plaintiff requests $3,300 for opposing this Application and requests a like amount to be imposed on Defendants to deter further misuse of the ex parte process. McClelland Declaration ¶4.

DATED: February 25, 2019          KENNADAY LEAVITT OWENSBY PC

By: __/s/ Michael D. McClelland_____
MICHAEL D. McCLELLAND
Attorneys for Plaintiff
EMPLOYEE HEALTH SYSTEMS
MEDICAL GROUP, INC.

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL | SUITE 2500
SACRAMENTO, CA 95814

00146209.1                        -4-
PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR STAY FILED FEB. 22, 2019